UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY AARON,

        Plaintiff,

v.

JACKIE DYER, *et al.*,

        Defendants.

_____/

Case No. 15-cv-11014

HONORABLE VICTORIA A. ROBERTS

### ORDER ON OUTSTANDING MOTIONS

On April 26, 2016, the Court held a status conference following the Order on Defendants' Motion for Summary Judgement, dated March 31, 2016. ECF No. 40. Attending were: Solomon Radner on behalf of Mr. Aaron, and Clifton Schneider on behalf of Defendants.

After the Court entered the Summary Judgment Order, Mr. Aaron, who was a *pro se* litigant, obtained Mr. Radner as counsel (ECF No. 41). Thereafter, the following activities occurred: Mr. Aaron filed a Motion for Default Judgment as to Defendant Dyer (ECF Nos. 42, 44), Defendant Dyer filed an Answer (ECF No. 43), Mr. Aaron filed a Motion to Strike Defendant Dyer's Answer (ECF No. 45), Defendants filed a Motion to Strike Aaron's Motion to Strike Defendants' Answer (ECF No. 48), and Defendants filed a Motion for Reconsideration of the Court's Summary Judgment Order (ECF No. 46). Responsive pleadings were filed on all of these motions except for the Motion for Reconsideration, for which the Court did not order a response.

Defendants contend that the Court improperly entered a default judgment against

1

Defendant Dyer in derogation of a statutory exemption. The Court's Order was advisory, not executory; it did not, at that point in time, enter a default judgment. The Order highlighted the fact that Defendant Dyer had not filed an Answer as requested by two Court orders: (1) the Return of execution of waiver of service by Defendant Dyer (ECF No. 37); and (2) the Order finding as moot Plaintiff's Motion for Assistance (ECF No. 38). Both orders instruct Defendant Dyer to file an Answer or appropriate motion. Nevertheless, Defendant Dyer did not comply with the Court's deadlines, which led the Court to believe that Defendant Dyer might be subject to default judgment.

Defendants challenge the ability of Aaron to seek default judgment against Dyer as well the advisory statement that default judgment might be appropriate. As reflected in the hearing transcript and discussed below, Defendants' Motion for Reconsideration is **GRANTED**.

Congress created an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure when it enacted the Prison Litigation Reform Act and subsequent amendments. In particular, 42 U.S.C. § 1997e(g)(1) allows a Defendant to "waive the right to reply to any action brought by a prisoner." Id. This waiver right is not absolute; section 1997e(g)(2) provides "The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." Id. Section 1997e(g)(1) requires a court to make such a finding before defaulting a defendant. Id. ("No relief shall be granted to the plaintiff unless a reply has been filed.")

The statute does not define the phrase "reasonable opportunity to prevail on the merits," nor does it explain what a Court must do to communicate its finding that the

plaintiff has a reasonable opportunity to prevail on the merits; for example, it is unclear whether a specific finding of reasonable opportunity must enter or whether this finding can be made implicitly through an order requiring a response. Similarly, the statute does not explain the relationship between section 1997e(g)(2) and the frivolous review procedures outlined in section 1997e(c). Further, the statute could be more exact in its language – ordinarily a "reply" follows an "answer;" it is not a generic term used for any responsive pleading, which is the way the statute apparently uses the term. Thus, the Court relies on previous Sixth Circuit decisions that construe the term "reply" to encompass an "Answer," the pleading relevant to the current motion.

In this particular case, the Court's Order Directing Plaintiff to Provide Additional Copies (ECF No. 4) could be construed to put Defendants on notice that Plaintiff has a reasonable opportunity to prevail on the merits. It states "The Court has conducted an initial review of the complaint pursuant to ... 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon initial review, the Court concludes that the complaint is not frivolous and states at least one cognizable claim." ECF No. 4.

While statutory vagueness and ambiguity complicate the Court's task, there is sufficient foundation on which to conclude that the extraordinary remedy of default judgment is inappropriate in this case. The Court never expressly stated that it found "plaintiff has a reasonable opportunity to prevail on the merits," and the Motion for Default Judgment was filed prior to, not after, Defendant Dyer's Answer. Because section 1997e(g)(1) precludes issuance of relief unless a reply is issued, and no reply was entered prior to the motion, the Court cannot give effect to the motion for default.

To remedy any confusion from the prior Order, the Court **GRANTS** Defendants' Motion for Reconsideration, striking the last paragraph of the Summary Judgment Order (ECF No. 40) that discusses Defendant Dyer. The balance of the Order was unchallenged and remains in force as entered.

As a result of the foregoing analysis, Plaintiff's Motion for Default Judgment and Motion to Strike Defendants' Answer are both **DENIED**. In addition, Defendants' Motion to Strike Plaintiff's Motion to Strike is **DENIED** as **MOOT**.

Finally, the Court discussed several scheduling matters in anticipation of trial. The parties agreed to the following stipulations:

(1) No more dispositive motions will be filed prior to trial;

(2) Plaintiff may file an Amended Complaint that modifies only the prayer for relief. Plaintiff is to submit the proposed Amended Complaint to Defendants, who will then decide whether to concur in the amendment. If concurrence is denied, Plaintiff must file a motion to submit an Amended Complaint;

(3) A bench trial was requested. That request is denied; the parties will have a jury trial;

(4) The parties have until May 9, 2016, to exchange discovery requests. Additional details about discovery, joint final pre-trial matters, and other scheduling logistics are set forth in an Order to follow; and

(5) By June 29, 2016, the parties must exchange formal settlement offers. Either party can thereafter request a settlement conference with the Court.

**IT IS ORDERED**

S/Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: April 28, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 28, 2016.

s/Linda Vertriest
Deputy Clerk

.